C. A. STUTZMAN ALIAS RALPH MANNING v. THE. STATE.

Nos. 7734 and 7735. Delivered October 24, 1928.

No brief filed for appellant.

*A. A. Dawson,* of Canton, State's Attorney for the State.

ON MOTION TO CORRECT JUDGMENT.

MORROW, PRESIDING JUDGE.—On the 26th day of January, 1923, in the District Court of the 63rd Judicial District, sitting in Kinney County, the appellant, upon a verdict of the jury, was adjudged guilty of the offense of passing a forged instrument and condemned to confinement in the penitentiary for a period of five years, that being the number of years assessed by the jury which rendered the verdict against him. Under the law the judgment should have condemned him to confinement in the penitentiary for a period of not less than two nor more than five years. His case was appealed to this court and was accompanied by no statement of facts. No complaint was made of the fault in the judgment. If the attention of the court had been called to the inaccuracy in the judgment, it would have been corrected on the appeal under the authority of Art. 847, C. C. P., 1925. The Indeterminate Sentence Law set forth in Art. 775, C. C. P., 1925, leaves neither with this court nor the trial court any discretion with reference to the terms of the judgment. The writing and recording of the judgment in the trial court, in accord with the terms of the Indeterminate Sen-

tence Law, are not judicial but clerical matters subject to correction either in term time or in vacation by proper procedure. See R. S. 1925, Arts. 2229, 2230. It has been the practice of this court when, by inadvertence, Art. 775, supra, has not been followed in preparing the judgment of the trial court, to enter a proper judgment when passing upon the appeal.

It is therefore ordered that the judgment of this court heretofore entered ordering an affirmance of the judgment of the district court be corrected in the particular mentioned. The judgment of affirmance will be so corrected as to reform the judgment, and as reformed the judgment of this court will condemn the appellant to confinement in the penitentiary for a period of not less than two nor more than five years; and the clerk of this court will notify the Superintendent of the State Penitentiary and the Clerk of the District Court of Kinney County of the present action of this court in the premises.

*Reformed.*